UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MAGNUM OIL TOOLS INTERNATIONAL, L.L.C., | § § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. 2:12-CV-00099 |
| TONY D. MCCLINTON, INDIVIDUALLY AND D/B/A &QUOT;COWBOY TOOLS&QUOT;, *et al*, | § § § § § § | |
| Defendants. | § | |

## ORDER ON MOTIONS FOR PARTIAL SUMMARY JUDGMENT
## REGARDING VALIDITY OF CLAIM 4

Before the Court are cross-motions for partial summary judgment (D.E. 76, 84) seeking this Court's determination of whether Claim 4 of U.S. Patent No. 6,796,376 ('376) is valid, along with the parties' respective motions for hearing (D.E. 77, 85). Finding the parties' briefing adequate to decide the matter, the Court DENIES the motions for hearing (D.E. 77, 85). For the reasons set out below, the Court GRANTS the Plaintiff's Cross-Motion for Partial Summary Judgment of Validity of the Certificate of Correction for Claim 4 of U.S. Patent No. 6,796,376 (D.E. 84) and DENIES Defendants' Motion for Partial Summary Judgment of Invalidity of Claim 4 of U.S. Patent No. 6,796,376 (D.E. 76).

On September 28, 2004, the United States Patent and Trademark Office (PTO) issued Patent No. '376, which included Claim 4, which stated, in part: ". . . a head member attached to the lower portion of the mandrel having a slot for catchably retaining

1 / 7

the engaging portion of a superposed bridge plug . . ." D.E. 84-3, p. 15. In a previous patent dispute, the United States District Court for the Southern District of Texas, the Honorable Janis Graham Jack presiding, determined that this claim did not make sense because it required the bottom of one bridge plug to engage the top of another bridge plug that was above it in a pipeline. D.E. 84-7. As a result, with the Plaintiff declining to seek a judicial correction of the language, Judge Jack held that Claim 4, as originally written, was "illogical," "nonsensical," and could not be enforced in that infringement case. D.E. 76-6, 76-9, 84-7.

Thereafter, the parties settled their dispute and obtained Judge Jack's Agreed Order dated December 10, 2010, dismissing all claims and counterclaims on the basis of the agreement of the parties and their Mediated Settlement Agreement. D.E. 83-6. On February 15, 2011, the PTO issued its Certificate of Correction, correcting Claim 4's use of the term "superposed" to read "subjacent." As a result, Claim 4 now provides that the bottom of the bridge plug is designed to engage the top of a bridge plug located below it in the pipeline, consistent with the rest of Patent '376. Plaintiff has filed this case to enforce Patent '376 as corrected against new, allegedly infringing Defendants.

Defendants challenge the validity of Claim 4, as corrected pursuant to the Certificate of Correction (D.E. 84-2). They argue that, as a matter of law, the Claim 4 deficiency was not capable of "correction" pursuant to patent law procedures. According to the relevant correction statute,

> Whenever a mistake of a clerical or typographical nature, or of minor character, which was not the fault of the Patent and Trademark Office, appears in a patent and a showing has been

> made that such mistake occurred in good faith, the Director may, upon payment of the required fee, issue a certificate of correction, if the correction does not involve such changes in the patent as would constitute new matter or would require re-examination. Such patent, together with the certificate, shall have the same effect and operation in law on the trial of actions for causes thereafter arising as if the same had been originally issued in such corrected form.

35 U.S.C. § 255.  Patents are presumed valid and the burden of establishing the invalidity of any claim is on the party challenging the patent.  35 U.S.C. § 282(a).

Defendants' challenge is based on the argument that the Certificate of Correction improperly broadened the scope of Claim 4 as a matter of law.

> Invalidating a certificate of correction for impermissible broadening therefore requires proof of two elements: (1) the corrected claims are broader than the original claims; and (2) the presence of the clerical or typographical error, or how to correct that error, is not clearly evident to one of skill in the art.

*Central Admixture Pharmacy Servs. Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1353 (Fed. Cir. 2007).  The question whether the corrected claim has broadened the scope of the patent is one of law.  *Id*. (citing *Markman v. Westview Instruments, Inc*., 52 F.3d 967, 979 (Fed. Cir. 1995) (*en banc*), *aff'd*, 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996)).

Defendants rely on Judge Jack's finding that Claim 4, as originally issued, was "illogical" and claimed an impossible operation.  The Certificate of Correction renders a description by which the operation is possible.  Therefore, the Defendants argue, the Certificate of Correction necessarily broadened the scope of Claim 4 and the Patent.

Assuming *arguendo* that the prior proceedings and Judge Jack's ruling apply,[1] this argument requires treating the defect in Claim 4 as having limited the scope of Patent '376 to an inoperable device. The only authorities brought to the attention of this Court counsel against such treatment.

In *Wayne-Gossard Corp. v. Moretz Hosiery Mills, Inc*.,[2] the court held that one of the patent's claims was invalid for indefiniteness and overclaiming. In considering the validity of the reissuance of the patent, the alleged infringer complained that the patent could not be reissued because the new claims that were offered to replace the older invalid claim had the effect of broadening the scope of the patent. Because more than two years had passed, the patent could not be reissued if doing so broadened its scope. Central to this argument was the proposition that, once the original claim was held invalid, the patent had no scope and any change would thus broaden it. The court rejected that proposition.

While conceding that an invalid claim is a nullity for infringement purposes, the same does not hold true for purposes of evaluating reissuance. The *Wayne-Gossard* court expressly held that the question posed was not whether the new claims were broader than a nullity but whether they were broader than the original claim. This comports with an earlier case that evaluated similar arguments in another patent reissue challenge: the question is whether the reissued claim "is broader in scope than the apparent scope of the

---

[1] Judge Jack issued an Amended Judgment dismissing the claims pursuant to the parties' settlement agreement, thus calling into question the preclusive effect of any prior ruling in that case.

[2] 384 F. Supp. 63, 71 (W.D.N.C. 1974), *aff'd in part, vacated in part on other grounds*, 539 F.2d 986 (4th Cir. 1976).

totality of the claims allowed in the original patent." *Hickory Springs Mfg. Co. v. Fredman Brothers Furniture Co*., 338 F. Supp. 636, 637 (S.D. Ill. 1972).

Defendants seek to distinguish *Wayne-Gossard* and *Hickory Spring*. They argue that they are not asserting that the invalid Claim 4 rendered the scope of the patent a nullity but that it limited the scope to an inoperable device. When the correction renders an operable device, then the scope is necessarily broadened. The Court finds that this is not an appreciable distinction. According to the Defendants' logic, almost any correction of a patent would be an improper broadening of scope because it once had a defect that, after correction, it no longer suffers. Furthermore, Defendants have not shown that their argument serves any useful purpose.

The obvious purpose of a certificate of correction is to correct a detail to make the patent internally consistent. The majority of Patent '376 does describe an operable device, particularly describing how two bridge plugs connect. The intended function of Claim 4 within the totality of Patent '376 was described in at least three other places in the Patent:

- "An engaging portion surrounds the shear portion adjacent to the upper collar that is engageable with a lower slot within a head member of a higher bridge plug . . . ." D.E. 84-3, p. 12, 1:66-2:2.

- "An engaging portion 21 surrounds the shear portion 22 adjacent to the upper collar 40 that is engageable with a lower slot 32 within a head member 30 of a higher bridge plug thereby preventing rotation of the higher bridge plug during drilling thereof." *Id*., p. 13, 3:22-26.

- "As the composite bridge plug system 10 slides downwardly, the head member 30 engages the engaging portion 21 of a lower composite bridge plug system 10 within the conduit 12 within the lower slot 32." *Id*., p. 14, 5:45-49.

One word in Claim 4 as originally issued is inconsistent with the rest of the device's description and obviously intended function. Certainly the applicant and the PTO did not intend for Patent '376 to cover an inoperable device. The specifications within Patent '376 make it clear what operation the device was intended to perform. The Certificate of Correction makes the actual scope of the patent exactly equal to "the apparent scope of the totality of the claims allowed in the original patent." This conclusion is consistent with the Federal Circuit's treatment of the issue in *Forest Laboratories, Inc. v. Ivax Pharmaceuticals, Inc.*, 501 F.3d 1263 (Fed. Cir. 2007). In that case, a reissuance was determined to be within the scope of the original patent because "the correction in the claim corresponds to the disclosure in the specification." *Id*. at 1271.

The Court finds that the corrected Claim 4 is not broader than the original claims as a matter of law. Therefore, the Defendants cannot meet their burden of proof on the first issue (that the correction broadened the scope of the patent) and the Court need not reach the second issue (whether the error and the manner in which it was to be corrected is "clearly evident"). *Central Admixture, supra*. The Defendants are not entitled to their requested partial summary judgment (D.E. 76). For the same reasons, the Plaintiff has demonstrated that the presumptive validity of the Certificate of Correction cannot be disputed and thus it is entitled to partial summary judgment that the Certificate of Correction is valid (D.E. 84).

For these reasons, the Court GRANTS the Plaintiff's Cross-Motion for Partial Summary Judgment (D.E. 84) and DENIES Defendants' Motion for Partial Summary

Judgment (D.E. 76). The parties' respective motions for hearing or oral argument on these issues (D.E. 77 and 85) are DENIED.

ORDERED this 22nd day of July, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE