UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MAGNUM OIL TOOLS INTERNATIONAL, L.L.C., | § § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. 2:12-CV-99 |
| TONY D. MCCLINTON, INDIVIDUALLY AND D/B/A &QUOT;COWBOY TOOLS&QUOT;, *et al*, | § § § § § § | |
| Defendants. | § | |

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,796,376**

Before the Court is "Defendants' Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 6,796,376" (D.E. 131), along with the Plaintiff's response (D.E. 148) and Defendants' reply (D.E. 153). Defendants seek summary judgment that they have not infringed the referenced patent because their product does not satisfy all of the limitations of Claim 4, the doctrine of equivalents is not available as a matter of law, and if the accused products satisfy the slot limitation, then Slup anticipates Claim 4, rendering Plaintiff Magnum Oil Tools International, Ltd.'s (Magnum's) patent claim invalid. For the reasons set out below, the motion is DENIED.

At issue is whether the "head member" of the Defendants' accused products have the "slot" of Claim 4 of the '376 patent. D.E. 131, p. 7. Defendants argue that Magnum's position is untenable as requiring the *air or space outside* the head member to constitute the slot *of* the head member. The parties have agreed that "slot" is defined as

"An elongated groove, notch, slit, aperture, or *other opening* for receiving or admitting something." D.E. 70, p. 7, D.E. 96, pp. 13, 15, D.E. 131, p. 18 (emphasis added). Defendants claim that, as a matter of law, the tapered edges of the mule-shoe design of the accused products cannot constitute, and the head member does not contain, a "slot."

The parties have agreed that the tapered surfaces of the "head member" of the accused products create a torque transmitting connection with an adjacent plug. D.E. 131, p. 9 (see the figure reprinted on that page). The tapered surfaces accomplish this by creating an "opening" into which the corresponding part of an adjacent plug will fit. Defendants have not provided any evidence or authority that precludes this "opening" from constituting a "slot."

Defendants' argument—that the air or space outside the head member cannot constitute a slot—is misdirected. Any slot designed for admitting or receiving something in this context is, by definition, a structure that is empty: air or space. The proposition that Defendants' argument requires, and which is not supported by its motion, is that the structure must have parameters by which it catchably retains the engaging portion of a lower bridge plug in the absence of a functioning position in the wellbore. Because this limitation has not been demonstrated to be a requirement of Patent '376, summary judgment would be improper.

Defendants also argue that language in Patent '413, which lists an anti-rotation feature selected from the group consisting of a taper, flat, slot, clutch, and one or more angled surfaces (D.E. 131-6, p. 19 (Patent 16:4-7)), means that a "taper" and a "slot" are mutually-exclusive terms. Defendants have not demonstrated that anything about that

description requires a determination that, as a matter of law, tapered edges cannot constitute a slot for purposes of Patent '413, Patent '376, or in any other context.

Another argument Defendants offer is that the language of the '376 Patent confirms the notion that the "slot" must constitute a female connector for the subjacent plug's male connector. The terms "male" and "female" do not appear in the portion of Patent '376 that Defendants quote. D.E. 131-7, p. 15 (Patent 7:16-8:17). Defendants' illustrations of the '376 Patent and the accused products in their motion (D.E. 131, p. 11) show parts of the subjacent plug capable of sliding into voids in the superposed plug. Defendants have not demonstrated that the particular configuration of those parts relieves them from the terms of Patent '376. Whether this conclusion is reached by an appropriate reading of the patent or by use of the doctrine of equivalents, the result is the same.

For that reason, Defendants argue that the Slup Patent '108 represents prior art that prevents use of the doctrine of equivalents or would render the '376 Patent invalid under 35 U.S.C. § 102. After reviewing the materials, the Court is of the opinion that Magnum's response to this issue, at a minimum, raises disputed issues of material fact. Defendants have not sustained their significant summary judgment burden.

For these reasons, the Court DENIES the motion for summary judgment (D.E. 131).

ORDERED this 5th day of February, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE