UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MAGNUM OIL TOOLS INTERNATIONAL, L.L.C., § § § Plaintiff, § VS. § TONY D. MCCLINTON, § INDIVIDUALLY AND D/B/A § &QUOT;COWBOY TOOLS&QUOT;, *et al*, § § Defendants. § | CIVIL ACTION NO. 2:12-CV-99 |

### ORDER ON DEFENDANTS' MOTION FOR PARTIAL
### SUMMARY JUDGMENT ON INDIVIDUAL LIABILITY

Before the Court is "Defendants' Motion for Partial Summary Judgment on All Claims Other Than Magnum's Claims for Patent Infringement" (D.E. 135), along with Plaintiff Magnum Oil Tools International, Ltd.'s (Magnum's) response (D.E. 146) and Defendant's reply (D.E. 152). After the motion was filed, Magnum agreed to dismissal of its non-patent claims, including false advertising, unfair competition, trade dress infringement, false designation of origin, and false marketing, which had been addressed in the motion. D.E. 144. Remaining for the Court's consideration is Defendants' request for summary judgment eliminating claims against the individual Defendants, Tony D. McClinton and Stan Keeling. *Id*. For the reasons set out below, the motion (D.E. 135) is GRANTED IN PART and DENIED IN PART.

In its first amended complaint (D.E. 34), Magnum alleges that Tony McClinton (McClinton) was an inventor of the accused products, owns a majority interest in

Defendant companies, and is the principal salesman for the accused products. D.E. 34, pp. 5-6. Magnum alleges that Stan Keeling (Keeling) took part in manufacturing the accused products, is a principal salesman of the accused products, and has an ownership interest in Defendant Jaycar Energy Group, LLC, the company principally involved in the sales. D.E. 34, p. 6. In sum, Magnum alleges that Defendants infringed, induced infringement, and/or contributorily infringed Magnum's Patents '376 and '413. *Id*. Defendants' motion for summary judgment challenges Magnum's theories of individual liability stated as direct liability pursuant to 35 U.S.C. § 271(a) and inducement liability pursuant to 35 U.S.C. § 271(b). There is no mention of contributory infringement under 35 U.S.C. § 271(c) in the motion.

It is clear that corporate officers may incur individual liability for their conduct with respect to the accused products.

> "[I]t is well settled that corporate officers who actively aid and abet their corporation's infringement may be personally liable for inducing infringement under § 271(b) regardless of whether the corporation is the alter ego of the corporate officer." *Orthokinetics, Inc. v. Safety Travel Chairs, Inc*., 806 F.2d 1565, 1579 (Fed.Cir.1986).

*Insituform Tech., Inc. v. Cat Contracting, Inc*., 385 F.3d 1360, 1375 (Fed. Cir. 2004). Magnum presented evidence of McClinton and Keeling's familiarity with Magnum's patented products and their individual efforts to develop, manufacture, and sell the accused products, in part using business entities formed and controlled for that purpose, in order to compete with Magnum.

Defendants contend that Magnum neither pled nor proved the requisite intent to infringe. In particular, they observe that Magnum's pleading does not include the term "intent." The federal pleading rules do not require the use of particular language. Fed. R. Civ. P. 8. Moreover, the summary judgment proceeding is not a Rule 12 proceeding limited to evaluating the claims according to the pleadings. In evaluating the evidence, the Court is mindful that the intent to infringe may be inferred from all of the circumstances. *See generally*, *Insituform*, *supra* at 1378. The evidence Magnum has offered is sufficient to raise a disputed issue of material fact regarding the requisite intent of the individuals inducing the patent infringement at issue in this case.

Defendants ask the Court to disregard the evidence, arguing that Magnum did not sufficiently respond to contention interrogatories on the subject. However, Magnum stated its objections and Defendants did not obtain an order overruling Magnum's objections and compelling responses under Fed. R. Civ. P. 37. Furthermore, much, if not all, of the evidence relied upon for inducement liability was derived from Defendants or in discovery to which they were parties. The Court overrules Defendants' objections to Magnum's evidence of inducement liability. Defendants have failed to show that there is no disputed issue of material fact on any of the elements of inducement liability under 35 U.S.C. § 271(b).

With respect to proving direct liability, Magnum must be able to pierce the corporate veil of the business entities that produced and sold the accused products. *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1579 (Fed. Cir. 1986). For this purpose, Magnum relies on an alter ego theory, which requires proof of a

common financial interest, unity between the individual and corporation such that the separateness of the corporation has ceased, and an injustice if the corporate form is upheld. *See generally*, *Lucas v. Texas Industries, Inc.*, 696 S.W.2d 372, 375 (Tex.1984).

Magnum offers some evidence that corporate formalities among the Defendant organizations were not observed and that McClinton used corporate funds for personal purposes. Defendants object to this evidence because some of it is hearsay and conclusory. The Court SUSTAINS the objections as to documents from third parties.

While there is some testimony to indicate that the different business entities were used fairly indiscriminately in the overall business that McClinton conducted, there is legally insufficient evidence to satisfy the requirement of showing an injustice. Injustice may be shown by the prospect of leaving a plaintiff with an uncollectible judgment. *Lucas, supra*. While Magnum asserts that the corporations are underfunded and have difficulty paying their bills on time, its only proffer in this regard is the suggestion of a lien against one Defendant apparent from a Dunn and Bradstreet Report (D.E. 146-13), and a general history of vendors requiring Defendants to pay prior to furnishing goods or services (D.E. 146-11, p. 10). This evidence is insufficient to create a disputed issue of material fact. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*) (*per curiam*) (non-movant cannot defeat summary judgment with only metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence).

For these reasons, the Defendants' Motion for Summary Judgment (D.E. 135) is GRANTED IN PART with respect to direct liability claims AND DENIED IN PART with respect to inducement liability claims against the individuals McClinton and Keeling.

ORDERED this 5th day of February, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE